UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RONNY DEVIOD WALKER**                                                                            **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:09CV-P663-S**

**DANIEL T. GOYETTE et al.**                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Ronny Deviod Walker, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, sues in their official capacities Daniel T. Goyette, Chief Public Defender; Ed Monahan, Department of Public Advocacy; R. David Stengel, Commonwealth's Attorney; Mark Bolton, Director of Metro Corrections; and Jack Conway, Kentucky Attorney General. He alleges misconduct in "handling peoples cases which can be shown with the proper investigation." He appears to allege that the Commonwealth's Attorney is aware of a recorded statement by a detective which, instead of being Plaintiff's statement, is actually "testimony of [the detective's] own life drama." He next states, "Now I'm asking? If somebody is sitting in jail and complaint against lawyer can't get a speedy trial with competent counsel, they will have to be cut loose, whether they are 'guilty or not.'" As relief, Plaintiff wants unspecified injunctive relief and "to file a motin for bond 'one million' relief."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.     Claims against public defenders**

Defendants Goyette and Monahan are public defenders.  Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 325 (l981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  If Plaintiff is convicted and believes that his conviction is unconstitutional as the result of ineffective assistance of counsel, he may raise this issue in a state court proceeding or on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The allegations in this suit against Defendants Goyette and Monahan fail to state a cognizable § 1983 claim.

### B.     Claims against prosecutorial defendants

Plaintiff's claims against the prosecutorial defendants, Defendants Stengel and Conway, are also barred.  In broad terms, Plaintiff's claims against the prosecutorial defendants relate to their conduct in their role as advocates.  To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Moreover, federal courts have no general power to compel action by state officers in the performance of their duties.  *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).  Therefore, Plaintiff's claims against Defendants Stengel and Conway will be dismissed for failure to state a claim.[1]

### C.     Claim against Defendant Bolton

Except in the caption, Plaintiff's complaint contains no mention of Defendant Bolton or Louisville Metro.  Some factual basis for a claim against a defendant must be set forth in the pleadings.  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  The specific facts must explain how the defendant is personally responsible for the alleged injuries.  *Smith v. Rowe*,

---

[1] The Court further notes that even if dismissal for failure to state a claim was not proper, this Court would abstain from interfering with Plaintiff's pending state criminal judicial proceeding under *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  *See Kelm v. Hyatt*, 44 F.3d 415, 419-21 (6th Cir. 1995).

761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint regarding Defendant Bolton fails to do so. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: December 22, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4411.009